1
2
3
4   FILED
5   SEP 0 7 2007
6   CLERK, U.S. DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
    BY _____ DEPUTY
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | UNITED STATES OF AMERICA, ) | Case No. 05cr1629-L |
| 11 | Plaintiff, ) | |
| 12 | v. ) | ORDER OF CRIMINAL FORFEITURE |
| 13 | DENKALL (1), ) aka Comercivet Del Sur, ) | |
| 14 | aka Comercivet S.A. De C.V., ) aka Denkall Dawes, ) | |
| 15 | aka Operadora Salvet, ) aka Operadora Dawvet ) | |
| 16 | Del Norte, ) aka Operadora Dawvet Del Sur, ) | |
| 17 | aka Petguard De Mexico ) S.A. De C.V., ) | |
| 18 | aka www.denkall.com, ) QUALITY-VET (2), ) | |
| 19 | aka Comercializadora Garvet ) S.A. De C.V., ) | |
| 20 | aka Distribuidora ) Salud Veterinaria, ) | |
| 21 | aka Distribuidora Qualyvet, ) aka www.qualityvet.com.mex, ) | |
| 22 | ANIMAL POWER S.A. De C.V. (3), ) aka Animal Power, ) | |
| 23 | aka www.animalpower.com.mex, ) | |
| 24 | Defendants. ) | |
| 25 | | |

26        WHEREAS, in the Superseding Information in the above-captioned case, the United States
27  sought forfeiture of all right, title and interest in $1,400,000 (one million, four hundred thousand
28  U.S. Dollars) of the above-named Defendants, DENKALL, QUALITY-VET and ANIMAL

POWER S.A. De C.V. (hereinafter "Defendant Corporations"), pursuant to Title 21, United States Code, Section 853, as proceeds obtained directly or indirectly as the result of the commission of the violation charged in Count 1 of the Superseding Information; and

WHEREAS, on July 9, 2007, the Defendant Corporations entered a guilty plea to Counts 1 and 2 of the Superseding Information, which plea included consent to the forfeiture allegation of the Superseding Information, and an agreement to forfeit $1,400,000 (U.S. Dollars) to the United States, which amount represents the proceeds, received by the Defendant Corporations between approximately 1998 and September 2005, for the distribution and sale of anabolic steroids, Schedule III Controlled Substances; and

WHEREAS, by virtue of the admissions of the Defendant Corporations set out in their plea agreement and guilty plea to Count 1 of the Superseding Information, the Court determined that $1,400,000 (U.S. Dollars) represents the drug proceeds received by the Defendant Corporations while engaging in conspiracies to distribute anabolic steroids as charged in the Superseding Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is entitled to a forfeiture money judgment against the Defendant Corporations in the amount of $1,400,000, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the $1,400,000 and the offense set forth in Count 1 of the Superseding Information; and

WHEREAS, the United States, having submitted the Order herein to the Defendant Corporations through their attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Defendant Corporations hereby forfeit to the United States the sum of $1,400,000 pursuant to Title 21, United States Code, Section 853(a)(1) and (a)(2), which sum shall be paid by the Defendant Corporations according to the following schedule:

//

1      a.     Upon entry of this Order, the Defendant Corporations forfeit all right and interest in a total of $763,993.19, seized and in the possession of the United States Government from: (a) First National Bank Account #801-83296 ($17,684.37); (b)Bear Sterns Securities Corporation Account #996-02348 ($484,212.86); (c)Bear Sterns Securities Corporation Account #996-02363 ($37.59); (d)Bear Sterns Securities Corporation Account #996-02347 ($146,058.37); (e) Amount turned over by Corporate Counsel ($100,000); (f) Amount turned over by Attorney representing a defendant charged in Criminal Indictment 05cr1629-L ($16,000) (these assets have already been forfeited criminally or administratively); and

     b.     At or before sentencing a certified check in the amount of $436,006.81 (U.S. Dollars) shall be delivered by the Defendant Corporations to the United States and made payable to the United States Treasury; and

     c.     On or before August 1, 2008, the Defendant Corporations shall pay the United States for application to the forfeiture judgment the sum of $50,000 in United States dollars by way of certified check payable to the United States Treasury; and

     d.     On or before August 1, 2009, the Defendant Corporations shall pay the United States for application to the forfeiture judgment the sum of $50,000 in United States dollars by way of certified check payable to the United States Treasury; and

     e.     On or before August 1, 2010, the Defendant Corporations shall pay the United States for application to the forfeiture judgment the sum of $50,000 in United States dollars by way of certified check payable to the United States Treasury; and

     f.     On or before August 1, 2011, the Defendant Corporations shall pay the United States for application to the forfeiture judgment the sum of $50,000 in United States dollars by way of certified check payable to the United States Treasury; and

2.     Upon entry of this Order, the United States is entitled to entry of a judgment in its favor in the amount of $1,400,000 which shall be credited for forfeiture payments when forfeited and received as described in paragraph 1 above; and

3.     This Court shall retain jurisdiction over the Defendant Corporations for purposes of enforcing this Order; and

|   |   |
|---|---|
| 1 | 4.   Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Corporations at the time of sentencing and is part of the sentence and included in the judgment; and |

4.   Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Corporations at the time of sentencing and is part of the sentence and included in the judgment; and

5.   The United States of America, through the Internal Revenue Service, is hereby appointed custodian of the forfeited properties and shall take all steps necessary to enforce the forfeitures as described above.

6.   Publication of the forfeitures is not required because the specifically named properties forfeited have already been administratively forfeited, and the balance of the forfeitures represent payments by the Defendant Corporations over which no third party has any claim or interest. Ancillary proceedings pursuant to Title 21, United States Code, Section 853(n) are therefore not required.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 9/7/07

M. JAMES LORENZ, Judge
United States District Court